FILED
2013 Jun-11 PM 01:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **TENNESSEE RIVERKEEPER, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 2:13-cv-00877-LSC** |
| **HENSLEY-GRAVES HOLDINGS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff to make and file this Complaint as follows:

## NATURE OF THE CASE

1.  This is a citizen's suit, brought pursuant to the provisions of Section 505(a)(1) of the federal Clean Water Act (hereinafter "CWA"), as amended, 33 U.S.C. § 1365(a)(1), and Section 7002(a)(1)(A) of the federal Resource Conservation and Recovery Act (hereinafter "RCRA"), 42 U.S.C. § 6972(a)(1)(A), to address violations of the CWA and RCRA by Defendant Hensley-Graves Holdings, LLC ("Hensley-Graves") arising out of illegal discharges of pollutants from the Old Florence Landfill property located in the City of Florence, Lauderdale County, Alabama. Specifically, Hensley-Graves is violating the CWA due to ongoing, unpermitted discharges of landfill leachate from the Old Florence Landfill to Cypress Creek, which discharges also make the Old Florence Landfill constitute an open dump in violation of RCRA. Plaintiff seeks a declaratory judgment, injunctive relief, an enforcement order, the imposition of civil penalties, and the award of

1

litigation costs, including attorney and expert witness fees, for Defendant Hensley-Graves' repeated and ongoing violations of the CWA and RCRA.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over the CWA claims set forth in this Complaint by virtue of Section 505(a)(1) of the Federal Water Pollution Control Act ("FWPCA") , also known as the Clean Water Act ("CWA"), 33 U.S.C. § 1365(a)(1).  This Court has subject matter jurisdiction over the RCRA claims set forth in this Complaint by virtue of  section 7002(a)(1)(A) of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(A).  Subject matter jurisdiction is also proper pursuant to 28 U.S.C. § 1331.

3.    Venue is appropriate in the Northern District of Alabama pursuant to 33 U.S.C. § 1365(c)(1) and 42 U.S.C. § 6972(a) because the acts, omissions, and/or violations complained of herein occurred, and continue to occur, within the Northern District of Alabama.

## NOTICE

4.    Plaintiff has complied with the pre-suit notice provisions of the CWA and RCRA.  Pursuant to 33 U.S.C. § 1365(b)(1)(A), 40 C.F.R. Part 135, 42 U.S.C. § 6972(b)(1)(A) and 40 C.F.R. Part 254, Plaintiff, on February 19, 2013, gave Defendant Hensley-Graves notice of the violations alleged herein and its intent to sue after the expiration of sixty (60) days ("February Notice").  At the same time a copy of the February notice was mailed to the Administrator of the Environmental Protection Agency (EPA), the Regional Administrator of Region IV of the EPA, and the Director of the Alabama Department of Environmental Management (ADEM).  Service of notice on Defendant was

by certified mail. More than 60 days have passed since the February Notice was served on Defendant and these agencies.

5.   Since the Plaintiff gave notice, the violations complained of herein have not ceased, and are in fact ongoing. Neither the EPA nor the State of Alabama has commenced and diligently prosecuted a civil or criminal enforcement action in a court of the United States or a state for the violations set out herein. Furthermore, neither the EPA nor the State of Alabama has commenced and diligently prosecuted an administrative action under 33 U.S.C. §1319(g), or under a comparable Alabama law, for the violations set out herein.

6.   Neither the EPA nor the state has issued a final order not subject to further judicial review and the Defendant has not paid a penalty assessed under 33 U.S.C. §1319(g), or under a comparable Alabama law, for the violations set out herein. Furthermore, neither the EPA nor the state has commenced an action under 33 U.S.C. § 1319(g) prior to Plaintiff mailing the February Notice, and this action is being filed before the 120th day after mailing of the February Notice.

7.   Plaintiff will, immediately upon receipt of a file stamped copy of this Amended Complaint, mail a copy of this Complaint to the Administrator of the Environmental Protection Agency, the Regional Administrator of the EPA Region in which the violations are alleged to have occurred, and the Attorney General of the United States.

## **PARTIES**

8.   Plaintiff, Tennessee Riverkeeper, Inc. ("Riverkeeper") is a non-profit membership corporation, with over 1,050 members, that is dedicated to the preservation, protection, and defense of the Tennessee River and its tributaries. Plaintiff Riverkeeper actively supports effective

enforcement and implementation of environmental laws, including the CWA and the Alabama Water Pollution Control Act ("AWPCA"), on behalf of and for the benefit of its members.

9.   Members of Tennessee Riverkeeper have recreated in, on or near, or otherwise used and enjoyed, or attempted to use and enjoy, Cypress Creek and the Tennessee River in the past, and they intend to do so in the future. They have a direct and beneficial interest in the continued protection, preservation, and enhancement of the environmental, aesthetic, and recreational values in Cypress Creek and the Tennessee River. The quality of these waters directly affects the recreational, aesthetic and environmental interests of certain members of Tennessee Riverkeeper. The recreational, aesthetic, and environmental interests of certain of Tennessee Riverkeeper's members have been, are being, and will be adversely affected by the Defendant's continued violation of the CWA, RCRA, the NPDES permit requirements, Alabama NPDES rules, and the AWPCA as alleged in this complaint.

10. Members of Tennessee Riverkeeper now recreate less on Cypress Creek because of the Defendant's illegal discharges. The violations alleged herein have had a detrimental impact on those members' interests because the violations have adversely affected and/or diminished aquatic life and water quality in Cypress Creek and the Tennessee River, and have made Cypress Creek and the Tennessee River less suitable for fishing, boating, wading, walking, observing nature, or relaxing. Said members would recreate more in and around Cypress Creek and the Tennessee River but for Defendant's illegal discharges of pollution. Said members will recreate more often in or near Cypress Creek and the Tennessee River once the Defendant's illegal discharges cease.

11. The relief sought in this case would provide redress for these injuries.  Additionally, because these injuries are being caused by pollution of waters of the United States and/or the improper

storage of hazardous waste, the injuries fall within the zone of interests protected by the CWA and RCRA.

12. Plaintiff Riverkeeper is a "citizen" within the meaning of 33 U.S.C. §§ 1365(g) and 1365(a).

13. Defendant, Hensley-Graves Holdings, LLC, is an Alabama Limited Liability Company, doing business within the Northern District of Alabama, with principal offices in Florence, Alabama. Hensley-Graves' registered agent for service of process is Benjamin R. Graves, 2230 Chisolm Road, Florence, Alabama, 35630-1350. Defendant Hensley-Graves is the owner of the Old Florence Landfill property and is in control of the property.

14. Defendant Hensley-Graves is a "person" within the meaning of 33 U.S.C. §§1362(5) and 1365(a)(1).

## STATUTORY BACKGROUND

15. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants from a point source into waters of the United States unless the discharge is in compliance with various enumerated sections of the CWA.  Among other things, Section 301(a) prohibits such discharges not authorized by, or in violation of the terms of, a National Pollutant Discharge Elimination System permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

16. The State of Alabama has been delegated the authority to implement the permitting programs of the Act by EPA, including the NPDES permit program, pursuant to 33 U.S.C. § 1342(b).  ADEM is the water pollution control agency for purposes of the Act, and has drafted regulations pursuant to that authority implementing the Act's permitting programs within the State of Alabama.

17. A citizen suit, pursuant to 33 U.S.C. § 1365(a)(1), may be brought for violations of the terms and conditions of NPDES permits, as well as for discharges of pollutants from a facility into waters of the United States without a valid NPDES permit. 33 U.S.C. § 1365(f).

18. Section 1004(14) of RCRA, 42 U.S.C. § 6903(14), defines the term "open dump" as:

> … any facility or site where solid waste is disposed of which is not a sanitary landfill which meets the criteria promulgated under Section 6944 of this title and which is not a facility for disposal of hazardous waste.

19. Section 4005(a) of RCRA, 42 U.S.C. § 6945(a), prohibits the operation of an open dump for land disposal of solid waste.

20. The term "open dump" is defined by EPA in 40 C.F.R. Part 257 to include any facility which causes a discharge of pollutants into waters of the United States in violation of the requirements of the National Pollutant Discharge Elimination System under Section 402 of the Clean Water Act, 33 U.S.C. § 1342. *See* 40 C.F.R. Part 257.

21. Violations of the open dumping provisions can be addressed in a federal citizen suit pursuant to 42 U.S.C. § 6972(a)(1)(A), as provided in 42 U.S.C. § 6945(a).

## GENERAL ALLEGATIONS

22. This is an action for declaratory judgment, injunctive relief, an enforcement order, civil penalties, and litigation costs, including reasonable attorney and expert witness fees, to enforce provisions of the CWA, the RCRA, the AWPCA, and regulations adopted pursuant to said acts.

23. The City of Florence, Alabama operated a landfill, known as the Old Florence Landfill, on W. Irvine Street in Florence from approximately 1965 until late 1987. The landfill was, and still is, unlined, and accepted industrial and municipal waste.  Furthermore, an unlined pit at the landfill was used for disposal of liquid or wet waste, including industrial waste, from various industries. The landfill stopped accepting waste in or about 1987. The land upon which the Old Florence Landfill is

sited was, during the time of its operation, owned by E. F. Martin, former mayor of the city of Florence, and operated and maintained by the City of Florence.  It was later owned by the Estate of E.F. Martin.  On or about December 8, 2008, the property was purchased by the current owner, Hensley-Graves Holdings, LLC, the Defendant named herein.

24. The Old Florence landfill is located one-half mile from the Tennessee River and drains directly into Cypress Creek, a tributary of the Tennessee River, which borders the Old Florence Landfill on the north, west and south.

25. A 1988 Site Investigation Report prepared by EPA's Waste Management Division found that no final grading took place upon closure of the Old Florence Landfill, and that industrial sludge wastes were not covered. The Report concluded:

> The laboratory analyses of environmental samples collected during this investigation present data which indicate onsite contamination at the Florence Landfill.  Further investigations will be necessary to determine the extent of the contamination.

26. Contaminated leachate from the landfill is discharged from the landfill to groundwater where it then flows from a spring adjacent to the landfill into Cypress Creek, a tributary of the Tennessee River in Lauderdale County, Alabama.  The spring is located at approximately N 34° 47.848', W 087° 41.824'. This leachate contains high levels of pollutants, as that term is defined under the CWA.  Contaminated leachate from the Old Florence Landfill has been discharged to Cypress Creek on a continuing, uninterrupted, and daily basis since at least 1987.  These illegal discharges of pollutants are continuing and unabated up to and including the present date.

27. The Old Florence Landfill constitutes a point source as that term is defined in the CWA, 33 U.S.C. § 1362(14), as it has been interpreted by the federal courts.  The Old Florence Landfill

collects water that leaches through the industrial and municipal wastes and discharges this leachate to groundwater which then flows from a discrete conveyance into Cypress Creek.

28. There is a direct hydrological connection between the groundwater which receives the discharge of contaminated leachate from the Old Florence Landfill and Cypress Creek.

29. Cypress Creek and the Tennessee River are waters of the State of Alabama, and "waters of the United States," as that term is used in the CWA and as it has been interpreted by the federal court.

30. Cypress Creek and the Tennessee River are continuously flowing streams forming geographic features depicted on official topographical maps.

31. The discharge of pollutants into Cypress Creek can significantly affect the chemical, physical, and biological integrity of  Cypress Creek, a navigable in fact water, as well as  navigable in fact waters downstream, namely the Tennessee River.

32. Laboratory analyses of the contaminated leachate discharged from the Old Florence Landfill have indicated the presence of pollutants consistent with a municipal landfill and/or industrial waste.

33. As set forth in the February Notice attached hereto as Exhibit "A" and incorporated by reference herein, Hensley-Graves has violated the CWA by discharging contaminated leachate containing debris, oil, scum, sediment, foam and other materials attributable to sewage and/or industrial wastes from the Old Florence landfill to Cypress Creek without an NPDES Permit authorizing the discharges, since at least 1987 and on at least the following occasions:

- 8/22/09
- 8/29/09
- 11/2/09
- 11/23/09

- 10/02/11
- 10/22/11
- 12/13/11
- 1/5/12
- 4/12/12
- 4/18/12
- 5/12/12
- 10/12/12
- 11/14/12

34. The violations set forth in the Paragraph 33 above and the February Notice attached hereto as Exhibit "A" and incorporated by reference herein are continuing and ongoing, or are likely to recur, as of the date this Complaint is being filed.

## COUNT ONE
## DISCHARGES OF POLLTANTS TO SURFACE WATERS WITHOUT AN NPDES PERMIT IN VIOLATION OF THE CLEAN WATER ACT

35. The Plaintiff hereby repeats, realleges, adopts, and incorporates by reference paragraphs 1 through 34 herein above as if fully set out in this count.

36. Hensley-Graves' discharges of contaminated leachate from the Old Florence Landfill into Cypress Creek constitute the discharge of pollutants from a point source requiring an NPDES permit authorizing such discharges.  To date, no NPDES permit has been issued to allow discharges from the Old Florence Landfill.

37. Hensley-Graves is in violation of sections 301 and 402 of the CWA, 33 U.S.C. §§ 1311 and 1342, and 40 C.F.R § 122.1, *et seq*., as well as similar provisions of Alabama law.  *See* Ala. Code § 22-22-9(i)(3) and Alabama Administrative Code Rule 335-6-6-.03. These laws require that no person shall discharge pollutants to waters of the United States or waters of the state except as authorized by a permit issued pursuant to the National Pollutant Discharge Elimination System.

38. Since at least 1987, and on at least the occasions listed in Paragraph 33, as well as the February Notice, Hensley-Graves has violated Section 301 of the CWA, 33 U.S.C. § 1311, by discharging contaminated leachate from the Old Florence landfill to Cypress Creek without an NPDES Permit authorizing the discharges.

39. Defendant Hensley-Graves should be subject to an enforcement order or injunction ordering Hensley-Graves to cease its illegal discharges of pollutants from the Old Florence Landfill into waters of the United States.

40. Defendant Hensley-Graves should be subject to the assessment of civil penalties for these violations of the CWA pursuant to Section 309(d) and 505 of the CWA, 33 U.S.C. §§ 1319(d) and 1365. For the purpose of assessing the maximum penalty which Defendant Hensley-Graves is liable, each day that Hensley-Graves has discharged pollutants without a permit authorizing such discharges constitutes a separate violation of Section 301(a) of the CWA, pursuant to Section 309(d), 33 U.S.C. § 1319(d), for each day is has occurred and will occur after the filing of this Complaint.

41. The violations set out in this count are continuing and ongoing and there is a reasonable likelihood that Defendant will continue these or similar violations in the future.

42. These violations have an adverse impact on waters of the United States and waters of the state, specifically Cypress Creek and the Tennessee River, and on the recreational, aesthetic, and environmental interests of the Plaintiff's members in those waterways as set out in paragraphs 9 and 10 herein above.

**COUNT TWO**
**VIOLATION OF RESOURCE CONSERVATION AND RECOVERY ACT BY**
**OPERATION AND MAITENANCE OF AN OPEN DUMP**

43. The Plaintiff hereby repeats, realleges, adopts, and incorporates by reference paragraphs 1 through 42 herein above as if fully set out in this count.

44. Hensley-Graves has violated and is violating Section 4005 of RCRA, 42 U.S.C. § 6945, by maintaining an "open dump" for land disposal of solid waste, as that term is defined in 42 U.S.C. § 6903(14).   Municipal and industrial wastes remain in the Old Florence Landfill and the environmental effects of such wastes remain remediable.

45. The Old Florence Landfill constitutes an open dump, as that term is defined in 42 U.S.C. § 6903(14) and in 40 C.F.R. Part 257.  Specifically, the Old Florence Landfill constitutes an open dump, pursuant to 40 C.F.R. § 257.3-3, because, on at least the dates set out in Paragraph 33 hereinabove, as well as the February Notice, contaminated leachate from the landfill has been discharged, and continues to be discharged, from the landfill into groundwater, from which it flows from a spring into Cypress Creek and the Tennessee River in violation of the requirements of the National Pollutant Discharge Elimination System ("NPDES") of the CWA.  The requirement for Hensley-Graves Holdings to obtain an NPDES permit authorizing these discharges arose at the time that Hensley-Graves Holdings first knew or should have known that leachate was being discharged into surface waters.

46. Defendant Hensley-Graves should be subject to an enforcement order or injunction ordering Hensley-Graves to cease its operation of an open dump in violation of RCRA by ceasing the illegal discharges of pollutants from the Old Florence Landfill into waters of the United States.

47. Defendant Hensley-Graves should be subject to the assessment of civil penalties for these violations of RCRA pursuant to Sections 3008(g) and 7002(a) of the RCRA, 42 U.S.C. §§ 6928(g) and 6972(a). For the purpose of assessing the maximum penalty which Defendant Hensley-Graves is liable, each day that Hensley-Graves has discharged pollutants without a permit authorizing such discharges constitutes a separate violation of Section 304005(a) of RCRA, pursuant to Section 3008(g), 42 U.S.C. § 6928(g), for each day is has occurred and will occur after the filing of this Complaint.

48. The violations set out in this count are continuing and ongoing and there is a reasonable likelihood that Defendant will continue these or similar violations in the future.

49. These violations have an adverse impact on waters of the United States and waters of the state, specifically Cypress Creek and the Tennessee River, and on the recreational, aesthetic, and environmental interests of the Plaintiff's members in those waterways as set out in paragraphs 9 and 10 herein above.

## COUNT THREE
## INJUNCTIVE RELIEF

50. The Plaintiff hereby repeats, realleges, adopts, and incorporates by reference paragraphs 1 through 49 herein above as if fully set out in this count.

51. The violations set out herein will continue unless this Court enjoins Defendant.

52. These violations have caused irreparable injury to some of Plaintiff's members. Plaintiff has no adequate remedy at law for the injuries caused to its members by Defendant's ongoing violations in that Plaintiff would be forced to bring repeated and burdensome actions for each new injury to its interests if Defendant's ongoing violations are not enjoined.

53. An injunction will be in the public's interest in this case. Because Defendant is in continuing violation of the law, the equities for an injunction weigh in Plaintiff's favor.

54. Therefore, Plaintiff brings this cause of action to enjoin Defendant from engaging in any other affirmative act or conduct which would contribute to further permit violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the following relief:

a. Plaintiff requests the Court render a judgment finding and declaring that Defendant Hensley-Graves has violated and is in violation the CWA, 33 U.S.C. 1311(a), the AWPCA, and/or Alabama NPDES rules;

b. Plaintiff requests the court render a judgment finding and declaring that the Old Florence Landfill is an "open dump" and that Defendant Hensley-Graves has violated and is in violation of RCRA, 42 U.S.C. § 6945(a), for the operation and maintenance of an open dump;

c. Plaintiff requests and petitions this Court to enjoin the violations and any and all illegal conduct by Defendant set out and alleged in Counts One and Two herein and issue an injunction compelling Defendant to take necessary remedial actions on the Old Florence Landfill property to prevent the illegal discharges of pollutants into waters of the United States;

d. Plaintiff requests and petitions the Court issue an enforcement order under the CWA and RCRA compelling Defendant to take necessary remedial actions on the Old Florence Landfill property to prevent the illegal discharges of pollutants into waters of the United States.

13

e.  Plaintiff requests and petitions this Court to assess a $37,500.00 (thirty-seven thousand, five hundred dollars) civil penalty (*See* 40 CFR § 19) against Defendant Hensley-Graves for each violation and each day of continuing violation of the CWA for which Defendant is found liable pursuant to Sections 309(d) and 505(a) of the CWA, 33 U.S.C. §§ 1319(d) and 1365(a);

f.  Plaintiff requests and petitions this Court to assess a $37,500.00 (thirty-seven thousand, five hundred dollars) civil penalty (*See* 40 CFR § 19) against Defendant Hensley-Graves for each violation and each day of continuing violation of the RCRA for which Defendant is found liable pursuant to Sections 3008(g) and 7002(a) of the RCRA, 42 U.S.C. §§ 6928(a) and 6972(a);

g.  Plaintiff requests and petitions this Court for an award of litigation costs, including reasonable attorney's fees and expert fees, as authorized by 33 U.S.C. § 1365(d) and/or 42 U.S.C. § 6972(e);

h.  For such other, further or more general relief as this Court may deem appropriate.

Respectfully submitted this the 11th day of June, 2013.

/s/ James S. Whitlock_____
Gary A. Davis (Tenn. BPR No. 009766)
James S. Whitlock (NC Bar No. 34304)
*Admitted Pro Hac Vice*
DAVIS & WHITLOCK, P.C.
61 North Andrews Avenue
P.O. Box 649
Hot Springs, NC 28743
(828) 622-0044
gadavis@enviroattorney.com
jwhitlock@enviroattorney.com

14

Mark E. Martin
Alabama Bar Number: ASB-9361-A41M
P.O. Box 1486
Oneonta, AL 35121
(205) 516-9350
mmartin@markemartin.com

***Attorneys for Plaintiff Tennessee Riverkeeper, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2013, a copy of the foregoing **FIRST AMENDED COMPLAINT** was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to the parties below as indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system.

Chris J. Williams
Charles Hartman
MAYNARD, COOPER, AND GALE, P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203

/s/James S. Whitlock
Attorney

16